```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

```
JUAN MARUICE NEWLAND,            :
          Plaintiff,             :
     v.                          :   Case No. 3:06-cv-254-KRG-KAP
JEFFREY A. BEARD, SECRETARY,     :
PENNSYLVANIA DEPARTMENT OF       :
CORRECTIONS, and S.C.I. ALBION,  :
          Defendants             :
```

### MEMORANDUM ORDER

This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636(b)(1), and subsections 3 and 4 of Local Rule 72.1 for Magistrate Judges.

The Magistrate Judge filed a Report and Recommendation on January 12, 2007, docket no. 4, recommending that the complaint be denied for failure to exhaust administrative remedies because even though lack of exhaustion is an affirmative defense, plaintiff's complaint affirmatively pleads lack of exhaustion.

The plaintiff was notified that pursuant to 28 U.S.C.§ 636(b)(1), he had ten days to serve and file written objections to the Report and Recommendation. Petitioner filed timely objections, docket no. 9, and a supplement to his complaint, docket no. 8, which confirm that he has only begun the first step of the three-tier administrative process within the Pennsylvania Department of Corrections since the date of the Report and Recommendation. Additionally, review of the Clerk's records shows that plaintiff is subject to the PLRA's "three strikes" rule, 28 U.S.C.§ 1915(g), because plaintiff has filed at least three actions dismissed for

failure to state a claim in this court alone, see Newland v. Commonwealth, Department of Welfare, Case No. 2:93-cv-171-DEZ-RCM; Newland v. Westmoreland County Court of Common Pleas, Case No. 2:95-cv-1171-DEZ-RCM; Newland v. Officer Jones, Case No. 3:01-cv-96-DEZ-RCM; Newland v. Officer Engrode, Case No. 3:01-cv-97-DEZ-RCM, and does not state a colorable claim that he is in imminent danger of serious physical injury or was in such danger as of the time that the complaint was filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir.)(en banc), cert. denied, 533 U.S. 953 (2001). Plaintiff's complaint must be dismissed without prejudice to reinstatement if plaintiff first pays the full filing fee.

After de novo review of the record of this matter, together with the Report and Recommendation and the plaintiff's objections thereto, the following order is entered:

AND NOW, this 31st day of January, 2007, it is

ORDERED that plaintiff's complaint is dismissed without prejudice to reinstatement if plaintiff pays the full filing fee within thirty days. The Clerk shall mark this matter closed.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice by U.S. Mail to:

> Juan M. Newland GU-0932
> S.C.I. Albion
> 10745 Route #18
> Albion, PA 16475-0001

2