IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN MARUICE NEWLAND, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:06-254 |
| | ) | |
| JEFFREY A. BEARD, SECRETARY, | ) | JUDGE KIM R. GIBSON |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS, and S.C.I ALBION, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Now before the Court are Plaintiff's Motion for Reconsideration (Document No. 13) and Plaintiff's Motion for Appointment of Counsel (Document No. 14). On January 12, 2007, Magistrate Judge Keith A. Pesto granted Plaintiff's Motion to Proceed in Forma Pauperis. (Document No. 4). Plaintiff's Complaint, alleging that prison officials violated his civil rights by opening legal mail outside of his presence, was filed that same day. Document No. 5. Plaintiff subsequently supplemented his Complaint with additional allegations of improper mail openings on January 29, 2007. Document No. 8. On January 31, 2007, upon consideration of Plaintiff's Supplemented Complaint, Magistrate Judge Pesto's Report and Recommendation, and Plaintiff's objections thereto, this Court dismissed Plaintiff's Complaint without prejudice to reinstatement if Plaintiff pays the full filing fee within thirty days. Document No. 10. The dismissal was premised on Plaintiff's failure to exhaust the appropriate administrative process within the Pennsylvania Department of Corrections, as well as the "three strikes" rule of 28 U.S.C. § 1915(g). *Id.* Plaintiff now asks the Court to reconsider that dismissal, stating that he does not have the necessary filing fee and does not anticipate having the funds until after his release,

1

whereupon his social security payments will resume. Document Nos. 13 & 14.

Generally, motions for reconsideration in the Third Circuit must rely on one of three bases: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted). Plaintiff's Motion cites to none of these grounds, but simply petitions the leniency of the Court. However, according to § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The words "In no event" expressly strip this Court of the discretion to which Plaintiff appeals. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) ("The phrase 'in no event' simply means 'may not.'"). There is no dispute that Plaintiff comes within the operation of § 1915(g) by virtue of the resolution of his previous lawsuits in this Court. *See* Document No. 10, pp. 1-2 (listing cases). Nor has Plaintiff objected to the Court's finding that he has not stated a colorable claim that he is in imminent danger of serious physical injury. Because it lacks the discretion to waive the operation of § 1915 against his case, the Court must therefore deny Plaintiff's Motion for Reconsideration.

Plaintiff has also asked the Court to appoint counsel. Document No. 14. Although Plaintiff has no right to counsel in his own civil lawsuit, the Court does possess the discretion to request that an attorney represent Plaintiff. 28 U.S.C. § 1915(e)(1). In the Third Circuit,

> The appointment of counsel for an indigent plaintiff in a civil case . . . is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but meritorious case.

*Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993) (citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)). Under this standard, the Court finds the appointment of counsel unnecessary. For one, Plaintiff's alleged inability to proceed for lack of the necessary filing fee makes it unlikely that there will be a lawsuit in which an attorney could appear. Even if Plaintiff does locate sufficient funds, however, his case is not so complex that he would be unable to present the supporting facts and issues. Plaintiff has stated straightforward allegations concerning the violation of a settled civil right. *See Jones v. Brown*, 461 F.3d 353, 358-60 (3d Cir. 2006) (reaffirming the cause of action under which Plaintiff proceeds). Moreover, Plaintiff's correspondences with the Court demonstrate an adequate ability to articulate arguments, aver relevant facts, and cite legal authority. His Motion for Appointment of Counsel must therefore be denied.

An appropriate Order follows.

**AND NOW,** this 5th day of March, 2007, upon consideration of Plaintiff's Motion for Reconsideration (Document No. 13) and Plaintiff's Motion for Appointment of Counsel (Document No. 14), **IT IS HEREBY ORDERED** that both motions are **DENIED.**

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

3